```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**LANCE J. HARRIS,**

                       Petitioner,

             v.                               CASE NO. 17-3195-SAC

**SAM CLINE**[1],

                       Respondent.

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee.

### The petition

The petition presents four grounds for relief: (1) violations of the Fourth Amendment arising from petitioner's arrest without a warrant, the failure to conduct a probable cause hearing within 48 hours, insufficient grounds for arrest; (2) compulsory joinder, alleging error in charging petitioner in two separate criminal cases arising from the same evidence; (3) abuse of discretion by the trial court in failing to conduct an evidentiary hearing on petitioner's motion to withdraw the plea; and (4) ineffective assistance of counsel by petitioner's defense counsel.

### Exhaustion of state court remedies

Federal habeas corpus relief is not available to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence

---

[1] The Court substitutes Warden Sam Cline as the respondent in this matter. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.") The Clerk of the Court shall note the substitution on the docket.

of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b).

The Court has examined the decisions of the Kansas appellate courts in petitioner's direct appeal, *State v. Harris*, 291 P.3d 105 (Table), 2012 WL 6734658 (Kan. App. Dec. 21, 2012), *rev. denied*, Aug. 23, 2013 (*Harris I*); and in his post-conviction action filed under K.S.A. 60-1507, *Harris v. State*, 390 P.3d 127 (Table), 2017 WL 840227 (Kan. App. Mar. 3, 2017)(*Harris II*).

In his direct appeal, petitioner argued that the district court erred in denying his motion for continuance of sentencing, erred in sentencing him on a criminal history score that relied on prior convictions not proven to a jury beyond a reasonable doubt, and erred in sentencing him on aggravating factors not proven to a jury beyond a reasonable doubt. These claims are exhausted.

In his post-conviction action, petitioner successfully argued that the district court erred in summarily dismissing his motion under K.S.A. 60-1507. In that case, the Kansas Court of Appeals noted that petitioner's only argument on appeal is that his trial counsel was ineffective in telling him that the State would stand silent at his sentencing hearing. Thus, petitioner's other claims presented in the state district court have been abandoned. In addition, the Kansas Court of Appeals reversed the district court's summary dismissal and remanded the matter for an evidentiary hearing. *See Harris II*, 2017 WL 840227 *2. Because the petition does not explain whether that hearing has taken place, the Court will direct petitioner to explain whether that hearing has been held; if so, whether he obtained relief in the state district court; and if he did not obtain relief, whether

he has filed an appeal from that decision.

Finally, because this petition appears to include both exhausted claims and unexhausted claims that were either never presented on appeal or were abandoned on appeal, this matter is a mixed petition. Where a petitioner presents a mixed petition, a district court has options that include: staying the habeas petition while the petitioner returns to the state courts to exhaust the unexhausted claims; dismissing the matter without prejudice to allow the exhaustion of state court remedies; and allowing the petitioner to dismiss any unexhausted claims from the petition and proceed only on the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 279 (2005); *Rose v. Lundy*, 455 U.S. 509, 510 (1982), and *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002).

The first of these options, allowing a court to "stay and abey" a petition, is available only if the petitioner can show "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78.

The second option, a dismissal without prejudice, must be weighed against the risk that the petitioner will be unable to proceed in a timely application in the future. If petitioner's action under K.S.A. 60-1507 remains pending, the limitation period is tolled. *See* 28 U.S.C. § 2244(d)(2)(time during which a properly filed application for State post-conviction or other collateral relief is pending does not count toward the one-year limitation period for filing federal habeas corpus).

The third option, the voluntary dismissal of unexhausted claims,

allows a petitioner to amend the petition to present only exhausted claims. This option would allow the petition to proceed, but the petitioner almost certainly will be unable to present the unexhausted claims in a future federal habeas corpus petition. *See* 28 U.S.C. § 2244(b)(3)(explaining limitations on proceeding in a second or successive application for habeas corpus, including the requirement that the petitioner received prior authorization from the appropriate federal court of appeals).

Accordingly, petitioner also will be directed to set out whether he wishes to proceed in the state courts on his unexhausted claims or whether he wishes to dismiss those claims, amend his petition, and proceed on the exhausted claims.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including December 13, 2017, to advise the Court (1) whether the state district court has conducted the hearing ordered by the Kansas Court of Appeals; if so, the outcome of that hearing; and, if petitioner did not obtain relief, whether he is seeking appellate review of that decision; and (2) whether he intends to seek relief in the state courts on his unexhausted claims or whether he prefers to amend the petition and proceed on the exhausted claims.

The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 13th day of November, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge