**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LANCE J. HARRIS,**

                **Petitioner,**

        v.                          **CASE NO. 17-3195-SAC**

**SAM CLINE,**

                **Respondent.**

**ORDER TO SHOW CAUSE**

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On November 13, 2017, the Court entered a Memorandum and Order that identified this action as a mixed petition. The Court directed petitioner to provide additional information on the status of his state case following the remand ordered by the Kansas Court of Appeals and on his intentions concerning the unexhausted claims presented in the mixed petition. Petitioner filed a timely response stating that the state district court had denied relief and that he had filed a Notice of Appeal. He also asked the Court to stay the petition to allow him to exhaust his unexhausted claims.

    On March 23, 2018, the Court directed petitioner to file a status report providing the case number assigned to his state appellate case and a statement of the issues presented in that matter. The Court deferred ruling on petitioner's request for a stay until the status report was filed. Petitioner was given a deadline of April 23, 2018, to file the status report but failed to comply.

    On April 27, 2018, the Court entered an Order to Show Cause directing petitioner to show cause why the mixed petition should not be dismissed without prejudice due to his failure to file the status

report as directed. Petitioner was directed to respond on or before May 29, 2018, and was advised that the failure to do so might result in the dismissal of this matter without prejudice. He has failed to respond to that order.

Under Rule 41(b) of the Federal Rules of Civil Procedure, when a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the matter. *See* Fed. R. Civ. P. 41(b). The U.S. Court of Appeals for the Tenth Circuit has "consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of the U.S.*, 480 Fed.Appx. 915, 916-17 (10th Cir. 2012)(internal quotation marks omitted).

Because petitioner has failed to respond to the Court's orders on two occasions, the Court is considering the dismissal of this matter for lack of prosecution. Because such a dismissal may bar petitioner from proceeding in a future habeas corpus application, the Court will direct him to show cause why this matter should not be dismissed due to his failure to prosecute.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **June 21, 2018,** to show cause why this matter should not be dismissed for lack of prosecution.

**IT IS SO ORDERED.**

DATED:  This 31st day of May, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge